

FILED

01/10/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0326

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0326

FILED

JAN 1 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA,

    Plaintiff and Appellee,

v.

                                   O R D E R

TIMOTHY JOHNSON,

    Defendant and Appellant.

Timothy Johnson appeals his Eighteenth Judicial District Court sentence in Gallatin County Cause No. DC-20-229C for one count of Sexual Intercourse Without Consent. The State moves this Court for an order supplementing the record. Johnson opposes the State's motion.

The State seeks to add to the record two documents, an affidavit and an information, from a separate cause number involving Johnson—DC-20-252A. The documents detail the State's two charges against Johnson for Sexual Abuse of Children, based on Johnson's alleged distribution and possession of child pornography. The State ultimately dismissed these two charges as part of Johnson's agreement to plead guilty to a single count of Sexual Intercourse Without Consent in the case now on appeal.

The State argues that because the District Court referenced Johnson's dismissed child pornography charges during sentencing, those charging documents should be part of the record on appeal. Johnson counters that the District Court did not rely on those documents and that our review should be bound by the record in cause number DC-20-229C alone.

This Court's review is based on records and information before the District Court at the time of its decision. In a direct appeal, this Court does not consider evidence outside the record made before the trial court. *See, e.g., State v. Azure*, 2002 MT 22, ¶ 38, 308 Mont. 201, 41 P.3d 899 (citations omitted). Based on our review of the sentencing

transcripts and orders, we conclude that the District Court did not rely on the DC-20-252A charging documents when it sentenced Johnson for Sexual Intercourse Without Consent in DC-20-229C. The court stated in its Reasons for Sentence that it considered the Pre-Sentence Investigation Report, Psychosexual Risk Assessment, and all other information in the court file. All these items are available in the record that Johnson has presented to this Court. Although the State mentioned the dismissed charges during Johnson's sentencing hearing, the court did not. As it stands, the record is sufficient to enable the Court to rule upon the issues raised. M. R. App. P. 8(2). There is no indication that the record contains erroneous or accidental omissions. M. R. App. P. 8(6).

IT IS THEREFORE ORDERED that the motion to supplement the record is DENIED. The State's exhibits are rejected and shall not be made part of the record.

The Clerk is directed to provide a copy of this Order to counsel of record.

DATED this 10 day of January, 2023.

_____
Chief Justice

_____

_____

_____
Justices

2